The next case, number 23-1060, Kress Stores of Puerto Rico, Inc. et al. v. Wal-Mart Puerto Rico, Inc. et al. At this time, would counsel for the appellants Kress Stores et al. please introduce themselves on the record. Good morning, Your Honors. May it please the Court that I attend on behalf of appellants along with my colleagues Fernanda Saavedra and Luis Andrade. If I may, I would like to reserve three minutes for rebuttal. You may have three minutes. Thank you. Your Honors, this case belongs to the Commonwealth Courts of Puerto Rico, where it should have remained 40 years ago before Costco hijacked it into the federal system. It is of utmost importance to keep in mind the purpose of CAFA, which is to make sure that interstate class actions with national importance are to be are litigated in the federal courts and therefore interstate class actions remain within the purview of the state and Commonwealth Courts. In the context of the local controversy exception, we want to cite for the record Congressperson Sanson Brenner, who was the chairman of the Judiciary Committee of the House of Representatives that stated the following. The purpose of each of these criteria is to identify a truly local controversy, a controversy that uniquely affects a particular locality to the exclusion of all others. Your Honors, this is not an interstate case of national importance. On the contrary, this is a purely interstate class action that does not affect multiple states. Why? Let me ask you this. Let's assume that you are right that the local controversy exception should apply. One of the questions I have is about the joinder of the different defendants. Is there any claim of concerted action among the different so-called megastore defendants? If I understood your question correctly about the joinder, I must point to the record, Your Honor, that that was challenged by Costco in this case and the district court denied that. The district court denied it. Costco argues on appeal that that was an erroneous. You suggested that they waived that. They have not, as I understand the law. They're simply offering alternative grounds for affirming the judgment in their favor. So, is there any claim, as I asked a moment ago, of concerted action? No, Your Honor. Why is it proper, in your view, to join Costco and Walmart to oppose defendants in the same case? Well, Your Honor, because of, first of all, because of economic reasons, the allegations made against defendants relates to the same laws. So, we understand that it should be litigated jointly, and we understand that they are jointly defendants. Do you think you can separate out causation of loss and the claim of defendants as a whole? Yes, Your Honor, we can. However, again, because of economic reasons, if a state court were to— What do you mean, economic reasons? Well, it's more economic for our kind, Your Honor, and I may add that if the state court, if the case were severed, you will have a state court litigating the case and a federal court also litigating the case. So, there can be a conflict between— Act in Havana and CAFA deals with that and strikes these compromises, but—and I understand you may well be entitled to litigate against Walmart in the commonwealth courts here. I don't understand why you're able to litigate against Costco in the commonwealth courts. Well, Your Honor, and we understand that the local controversy exception, several exceptions apply, and that's why— Well, that was a problem with us, so let's go with that. Excuse me? The local controversy exception, frankly, seems to apply out of the interest of the hearing, and that's as to say perhaps I'm wrong about that, but why does that apply? Why are you entitled to litigate in the commonwealth court against Costco? Your Honor, as I was saying, congresspersons were very vocal regarding the exceptions, and when they were discussing that exception, they understood that even if there is a diverse defendant, that doesn't mean that the case should not be tried in state court. If that person is properly unattended in the second case, that's good. And then, the citation is there to the legislative history as being this question. Well, if you're going to repeat your question, Your Honor, because— I may be more argumentative than anything else, but I'm trying to understand the legitimate basis for joining Costco and Walmart as joint defendants when you don't allegedly did anything jointly. To give you a hypothetical, I assume lots and lots of your clients also might have potential claims against their insurance companies for a so-called COVID interruption, right? Would it be reasonable, proper for a whole class of retail merchants to sue in essence every property and casualty insurer in sight all in one case to resolve those issues? Yes, Your Honor, we understand that they should be joined because of the controversies. Because this case relates to your local law, it should be decided by a local court, even Costco, even Costco that it's a diverse defendant. Thank you. Okay, as I was saying, Your Honor, this case is not of national importance. This is a purely local case that has no effect across state lines. In this case, 100% of the plaintiffs are citizens of Puerto Rico, and the penalty class members are also 100% against citizens. Three out of four defendants are citizens of Puerto Rico when the case was filed and when it was removed to the federal courts. The content alleged against Costco, the diverse defendant, is related exclusively regarding its business in Puerto Rico. The amendment complaint was filed pursuing the loss of Puerto Rico. This case does not affect national commerce, and no similar class action has been filed in this case. Moreover, this case involves matters of public policy. As you may know, this case relates to certain executive orders issued by former Governor Wanda Vasquez seeking the well-being of Puerto Rican citizens. I mean, the threat of a global pandemic. In light of the above, we understand that the local controversy exception applies. To me, and for this exception to apply, six elements must be demonstrated. Out of those six elements, only two has been disputed by Walmart and Costco. I want to interrupt. Is your argument regarding the home state exception that Walmart is a primary defendant? We understand that, yes, Walmart is also a primary defendant. So, and then what about Costco? Well, going to the, I was talking about the local controversy exception, but going to the language of CAFA, we understand that Walmart is a primary defendant because its potential liability is greater. So, if you look at the text of the statute, though, it says the primary defendant, so it envisions that there can be more than one. So, why aren't they both primary defendants? Well, Your Honor, according to the precedents in the sister courts, when deciding if the home state exception applies, one must look into the potential liability that each defendant had. And in this case, Walmart's potential liability is far greater than Costco or any other defendant whatsoever. I think your closing counsel argues that you didn't actually make that particular argument below. Is that correct? Do you argue more about the number of stores rather than? Yes, Your Honor. We add to that. Because I was talking about the expressive evidence, the expert report demonstrated that Walmart's potential liability is greater. If we look in the amended complaint, again, Walmart's potential liability is greater. Why? Because in the amended complaint, it was alleged that the specific numbers that each co-defendant have in Puerto Rico and in how many municipalities. If this court were to make an inference that more stores equals more illegal sales, then Walmart's potential liability is greater. It was alleged that Walmart has more than 20 stores in different municipalities in Puerto Rico. Meanwhile, Costco only has four stores. And a local court would have known that these four stores are only located in the metropolitan area, Your Honors. Is it your position that there can only be one primary defendant? We understand that Walmart and Walgreens were primary defendants in this case because their potential liability was greater. In the case of Walgreens, it has more than 100 stores throughout Puerto Rico. There are more Walgreens stores in Puerto Rico than there are municipalities, Your Honor. Now, circling back to the local controversy exception, the only two elements that are being disputed by Costco and Walmart is the significant basis problem and the significant relief problem. As you may know, these elements were not defined by the legislator or by this court. So looking into its unambiguous language, it must be concluded that the local co-defendants are significant in this case because no one can state that the local defendants are peripheral or nominal defendants in this case. Costco and Walmart wants this or invites this court to make a comparative approach between the allegations made made by local merchants against the local defendants and against Costco. However, not all If this court were to make a comparative approach, then you can see that there are more allegations against the local defendants. Can I ask you to distinguish between so-called different sorts of comparative approaches? At least from my reading of the case law, the statute does not say from whom the most significant is called or whose conduct forms the most significant basis. Yet, there are some comparisons necessary. There is some evaluation, but I just don't, the defense I understood apparently in a superlative form. I don't see that. And so, are we okay as far as you're concerned doing some comparison as long as you understand there can be more than one? The significant relief can be sought from more than one. Yes, Your Honor, within the CBI. Your time is up. You do have three minutes. Thank you, Your Honor. Thank you, counsel. At this time if counsel for Appley Costco could introduce himself on the record to begin. Good morning. I'm in the police court. I'm Sullivan Ortonetti on behalf of Costco Wholesale Corporation. Your Honor, Costco, with respect to the request of the court to confirm the judgment below, we have argued in our briefs why we believe that the district court correctly confessed jurisdiction both under HAPA and it would have been able also to do so in a jurisdiction. With respect to the motion for summary judgment itself, we also believe that the court reached correct results. For instance, to summarize, that's essentially the plaintiff's claim is reduced to one court claim, which requires establishing that there was a duty that was breached by my client and that the breach of duty caused harm to the plaintiffs. The evidence furnished in response to our motion for summary judgment did not create a genuine issue of fact that would require a legal question. The plaintiffs did not establish a legal duty on the part of either the defendant that will be here specifically. This case turns on four executive orders exactly during a 17-day period starting on March 15, 2020 and ending on May 26, 2020. None of those executive orders were canceled. Can I just direct you to that duty question? Why isn't there a duty to avoid unfair competition? I understand your argument why the EOs didn't require what the plaintiff's counsel says they required, but turning to the unfair competition point, why isn't there a duty to avoid unfair competition? Well, there is a statute that involves, but it doesn't have that much content in the sense that there is no case law in Puerto Rico. There's a regulation that does attempt to provide that context in the middle of my explaining. The Puerto Rico Ambitious Act of 1964, Act 77 of 1964, lumps together what the U.S. government would need in several different statutes and the share of an act and includes unfair competition. As the Puerto Rico Supreme Court found, however, a few years ago, the specific issue of unfair competition was delegated to the Ambitious Office of the Puerto Rican Department of Justice and in the statute expressing delegates to that office of the adoption of a regulation that would give content to that general jurisdiction. And there's no guidance in the statute about what unfair competition means except, and therefore, the only guidance is provided through the regulation adopted. That regulation does not provide any guidance that would allow a court to defer a duty in this case. And the word unfair cannot be... But why is it, why is the fact that there's somebody, a governmental entity who can enforce that particular statute, but why does that mean that in the context of a tort claim that a duty doesn't exist? I think there are cases in the Puerto Rico Supreme Court where they've allowed unfair competition claims as part of a tort claim. I'm aware of that case, that's the only case I really can think of that case. And with it, I think that the court, what it said in that case was that they could rule out the possibility that a plaintiff could allege a set of facts that would give rise to a claim, a tort claim, akin to that of a statutory claim under the Act. But it's not a claim under the Act itself. So it did not provide any further guidance for that, and there has been no case law beyond that point. We would also submit, Your Honor, that, again, there has to be a duty. In other words, what the statute provides is some sort of conduct defined previously, otherwise we would have a problem with the process that has to be in advance and the way some of that conduct is prescribed, particularly in a case like this where there's supposedly criminal conduct. Counsel, why would that, I'm just struggling to understand that, because, and you're right, the claim here is not under Law 77, it's under Article 18.02, it's a general tort claim, and there's the tort of negligence, and there's no statutory definition of what exactly qualifies as negligence in the facts of the case. So, again, why, given that there's a general prohibition on unfair competition, why in the context of a tort case, under Article 18.02, can't somebody say, well, here, the tort was unfair competition? Well, because what would be unfair about it? After all, parties are engaged, and it has to be some way— But that's the question of whether there's a breach. You started off with there's no duty, and I ask you, why is there no duty to avoid unfair competition? I guess I understand your point. I guess these are two sides of the same coin. After all, if there is no duty, you don't have general duty not to compete unfairly. Rather, what does it mean in a particular case? What is the—the deposit, implicitly, here again, it sort of merges into the analysis of what is actually a breach, but conduct cannot be described in the deposit as unfair unless it is actually breaching some sort of guideline or rule or duty that establishes what should have been the conduct. And here, there is no such thing, except there's a very generic assertion that it must be fair. But there is no case law in Puerto Rico interpreting the statute anywhere near that problem. In fact, the only incidence in which the statute has been interpreted always referred to the regulation, and the regulation doesn't have specific types of conduct. It doesn't improve this. It doesn't allow—it doesn't prevent us from selling. And this is—the problem with conduct here was that we were selling products that we were allowed to sell when our stores were open. And unless there is any kind of indication that we were not allowed to do so, then it is entirely speculative and untethered to the statutory text of Act 77, as well as of the executive orders, to say that somehow there was an implicit duty that we breached by engaging in sales otherwise allowed. By the way, I want to point out, the executive orders—and I do want to emphasize this, and point this out, it's also for the briefs—the executive orders do know how to prescribe specific conduct. For example, palm shops were specifically told, no, you can't sell anything, but you can provide financing. You can open and receive public. And there were other examples such as that. So we don't think it's accidental. There is a clear statutory—I mean, a textual—may I finish my answer? There's a clear textual limitation here in Plaintiff's claim, and simply asserting that it seems unfair to them, it just—it does not breach the gap—breach the gap, sorry—between the very general language of Act 77 and the comments of that statement. Counsel, I'd like to ask you about the procedural panel. Yes. I assume for a moment that the local controversy exception should apply. You've argued you were in a problem between—I'm trying to figure out how we—if I were to agree with you on that point, I'm trying to figure out how we might sort this out. And that would seem to call for us to say that this report is wrong in denying a motion to settle. But at least if that error becomes particularly clear, if we think that the local controversy exception should apply to employees against Walmart and whatnot to you, could we say that this was an abuse of discretion, and on what basis, to deny settlements? It breaks down on pages 27 to 29 of our brief, but I can elaborate a little bit further. I do want to say, however, before I can give up my hold on the local controversy exception issue, that the Fifth Circuit just recently—I think a couple weeks ago—the local controversy exception and the home state exceptions are not jurisdictional exceptions, really. They're more in the nature of abstention doctrines, in a sense, and can't be waived. And this is relevant for the following reason. They can't be waived. And so I will submit that to a meeting later. We just got this last night, so it's a very recent bill. And our point here is that, I mean, when this was proposed, the motion to sever, they prevailed on that opposition. And certainly, I think that this report and everybody else was entitled to proceed on the basis of its ruling at that time. We have raised—timely, in the very name of the case—we have raised here the alternative, the argument with respect to severance, because— In the end, we have nothing to complain about. As the court pointed out correctly at the beginning of this argument to counsel for repellents, we did not waive, certainly, because we have nothing to complain about and nothing to appeal from. We wanted a federal forum. We have a federal forum, and we received severance judgments. That being said, we have no—to answer your specific question now with respect to the lawful controversy, the reason why the court that we argue—the trial court that we argue to have the least discretion with respect to severance is because there was no legal theory and no factual assertion of misdemeanor action. And no—aside from the fact that they did ask for a lump sum from everybody together, from which, I guess, one could infer implicitly some sort of joint and several theory, it was never developed and was never argued below. And it could have eventually done it, but they never did so, and it's not on the record. And so our point is simply, you know, that what there is against my client is simply a set of obligations about its conduct and harm suffered by plaintiffs. It is true that plaintiffs do not identify the specific harms suffered by each from which source sort of lump it all together. They lump their own harms together as well.  Thank you, Your Honor. Thank you, counsel. At this time, would counsel for the appellee, Walmart, please introduce themselves on the record in order to begin? Thank you. My name is Paul Burks, and I represent Walmart. If I could start by addressing the local controversy question that Judge Hamilton has been inquiring about. The local controversy exception states that whether the alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class. And what it directs you to is the complaint. What is the alleged conduct? What is the conduct alleged in the complaint? And then several circuits have looked at that, and they've said, what it's not saying is it trivial or non-trivial. What it's saying is, is it significant in comparison to the allegations against the other defendants? So when you look at the complaint and then you look at the allegations against both the local and the non-local defendants, there has to be something to distinguish between the two of them for the local defendants' alleged conduct to be more significant than the other. We cited the Eighth Circuit's analysis of that on page 34 of our brief. Why does it have to be more significant? Why can't it just be equal? Well, in order to understand the word significant, I guess, in the context of the local exception, if they're both the same, then one isn't significant as compared to the other. They're both significant. It's not – I mean, it's not – it's not – we're not talking about the primary defendants on the home estate. Right. We're talking about the local controversy exception. And the cases in Kaufman and the Eighth Circuit cases have all said, well, let's look at it as what does significant mean in the context when you have multiple defendants. And Kaufman says 20% or so is significant enough to apply, right? In comparison to what the other – what was alleged against the other defendants. But when there's nothing that distinguishes among the defendants, when all of the allegations are uniform as against all of the defendants, you can't say that allegations against one are significant and others are not. It just says significant relief. It's not just – you're not seeking significant relief if you're seeking local relief from 10 defendants equal? Well, there's two components to it. There's significant conduct and significant relief. Okay. And we are challenging the significant conduct one, not the significant relief one. That's fine. And I mean I think I'll quote the Eighth Circuit here. Nothing in the complaint distinguishes the conduct of the local defendants from the conduct of the other defendants, so the allegations in the complaint do not satisfy the significant basis requirement. Such collective allegations leave doubt about the comparative significance of the local defendants' conduct preventing remand under the local controversy exception. And so what it's saying there is that they have the burden of showing that the local controversy exception applies. They are the master of their complaint, and they have to make allegations against the local defendants that are significant as compared to what they've alleged against the non-local defendants. That's been consistently how the local controversy exception has been adjudicated. In this case, we have those uniform – we have those uniform exceptions. I don't see it that way. We're both a long way from Chicago here. It's good to see a familiar face sometimes. You may or may not be that happy about that. Thank you, Your Honor. And so just to summarize that, and I understand that I've addressed the issue, but it's just to say that we have to look at the complaint. We have to look at the allegations in the complaint. We have to put the burden on the plaintiffs to identify the significant basis, and we have to look at it in the context of all the defendants. If I can turn to the duty question for a moment, and the question is where does the – and the first answer to the question of why is there a duty not to compete unfairly, the first answer is that if you look at plaintiff's briefs, on page 19 of their opening brief, on page 18 of their reply brief, in fact, their motion for partial summary judgment in the trial court said the duty that the defendants had in this case arose from the executive orders. That was their argument, and that continues to be their argument now. To the extent we can just put aside the executive orders and say, well, if Walmart and Costco stayed open when the plaintiffs had to be closed, did they have a duty to be closed under the general language of Regulation 7 that prohibits unfair competition? And the answer to that is no. There's no duty created there. The identity of pain case is distinguishable in the sense that what that case held is that the unfair competition law does not preclude a negligence action if there is a duty. In that case, it was like a price discrimination, a retailer price discrimination issue. And there was a duty that they found for the wholesalers to not engage in misconduct that was harmful to the retailers regarding price discrimination and monopolization. And they said you can bring that as a tort claim. And the fact that it also violates the regulation against fair competition doesn't preclude you from bringing that tort claim. But here you have to identify the duty first. And what is that duty, this duty not to sell when your competition may be closed due to government order? And that's a duty that's never been recognized in the economy. Well, why does the duty have to be defined that specifically? Again, that just doesn't strike me the way that tort law generally works. If I bring a negligence claim, I don't have to specify there had to be a duty to me at this particular time not to do this particular thing. It's just a negligence claim. I moderately disagree with you. I think that duties arise from the relationship between the parties. They're classic duties. They arise from statute or regulation, or they arise in common law. But they don't just arise from a general feeling that you've been done dirty, that you've been wrong in some way. And you have to identify the source of that duty, whether it's a relation. Now, traditionally, competitors don't have a duty to close when another competitor happens to be closed. They're doing construction down the street, and one of Walmart's competitors can't open because of that. I understand that you can define it that specifically. There's no duty. But again, my question was – and so I'm curious to your answer to this. I read the brief to be that they're relying both on the EOs and the prohibition against paper competition. So are you saying that below they never raised a duty based on Law 77? I wasn't my understanding, but please tell me if I'm wrong. I don't know that they never raised it. I think that consistently from the – if you look at the plaintiff, if you look at their motion for partial summary judgment, if you look at their brief on page 19 and 18, I think what they're arguing is that the unfair competition is the violation of the executive orders. But if it's separate and apart from – if we can see that Walmart complied with the executive orders, then there's no basis of a duty in their argument. Their argument is that the executive orders barred them from selling certain things, but you sold them, and that violated the duty, and that became unfair competition. So I don't think their argument is the self-standing unfair competition. And I do think that the court below was correct in a nebulous – you're suggesting I'm defining it too narrowly, but I think that a nebulous duty to just not compete unfairly is not the kind of thing that can be enforced in tort law in this circumstance. I think the duty has to be more specific than that. The duty they're alleging is a duty not to sell because you were closed. That is the duty that they're alleging, and that duty has never existed in the Commonwealth. It's never existed in the Commonwealth, and it only arises if the executive orders require it and the executive orders didn't require it. If I could use my extra time to just address the question of causation, because I think that is an alternative grounds to affirm the summary judgment below. And I think the district court got it right when he said that their argument isn't just a lost sales argument. It's a – that we lost sales, and we would have recouped them had Walmart and Costco not made those sales during that time. And in order to do that, they really had the burden of producing evidence, both of which sales they would have made during the time that they were being forced to close by the government orders, and then – I'm sorry, I'm out of time. Just finish your thought. Certainly. And they didn't produce any evidence on that question of causation. They just generally alleged $500 million of damages. They did not identify the products that Walmart sold that they did not sell, and they did not identify – they did not produce any evidence that would have suggested that those sales would have been recouped after the executive orders had expired. Thank you. Thank you, counsel. At this time, counsel for the appellant has a three-minute rebuttal. Please reintroduce yourself on the record. Your Honors, again, Gretchen Morello on behalf of the appellant. I just want to address briefly the motion for summary judgment. I invite the court to not be fooled by the statements of Costco and Walmart. It is undisputed that under the laws of Puerto Rico, as it is said, there is and imposes upon all retailers in Puerto Rico an affirmative duty to refrain from engaging in unfair competition. Also, I want to address brokered counsel's comments regarding the Office of Anti-Monopolistic Agency in Puerto Rico, saying that it can force Act 77. That has been challenged in Puerto Rico, and in the Aguadilla case, the Puerto Rico appellate court decided that courts can – has jurisdiction to oversee this type of cases. Going to the comment regarding the local controversy, that this jurisdiction has discretion. It does not. It is, as Judge Hamilton may know from his previous decision, the local controversy mandates and is obligatory to abstain from the cases where the local controversy exception applies. In fact, the plain language of CAFA suggested, it says, a district court shall, not may, shall. Also, regarding the – it must be stressed that there are different allegations made against Walmart. First, paragraph 51 of the amended complaint, this is in page 50 of the appendix, additional allegations were made against Walmart. Specifically, it states that Walmart's topics have been made expressions to the press, indicating that they were – that it was not going to engage in the conduct that they eventually engaged in. And this is important because when this court – this court must assume that all defendants are liable. And this means that Walmart had a potential – a greater potential liability because this allegation was pursued under the third class of action, equity. Also, at paragraph 56, it was alleged additional allegations against two local defendants, Costco and Walmart, that violated Executive Order number 2020-057. I just want to finish my thought, Your Honors, if I may. So, the local controversy exception does not require that the local defendant's conduct be the most significant conduct or that it predominates over the claims of the diverse defendants. This is Walsh v. Defenders in the Third District. So, we understand that this case – this court does not have jurisdiction and the case should be remanded. Thank you. Thank you. Counsel, that concludes argument in this case.